978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED PACIFIC INSURANCE COMPANY, a Washington corporation,
and Chevron U.S.A., Inc., a Pennsylvania
corporation, Plaintiffs-Appellees,
v.
SAFETY KLEEN CORPORATION, a Wisconsin corporation,
Defendant-Appellant.
 No. 90-16778.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1992.*
Decided Oct. 28, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Safety Kleen Corporation appeals the district court's summary judgment in favor of United Pacific Insurance Company and Chevron U.S.A. The district court concluded that United Pacific and Chevron had no duty to indemnify or defend Safety Kleen in two underlying state tort actions. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand.
 
 
 3
 Safety Kleen argues that the district court erred in concluding that exclusions in United Pacific's policy preclude coverage. The Vendor's Endorsement covering Chevron's products provides as follows:
 
 
 4
 1. The insurance with respect to the vendor does not apply to:
 
 
 5
 * * *
 
 
 6
 (b) bodily injury or property damage arising out of:
 
 
 7
 * * *
 
 
 8
 (iv) products which after distribution or sale by the named insured have been labeled or relabeled or used as a ... part or ingredient of any other thing or substance by or for the vendor;
 
 
 9
 * * *
 
 
 10
 We must determine whether there are genuine issues of material fact and whether the district court correctly applied the relevant law. See Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 11
 Safety Kleen relies primarily on Sears, Roebuck and Co. v. Reliance Ins. Co., 654 F.2d 494 (7th Cir.1981). The court in Sears noted that the term "changes" encompasses "being made part of another thing," id. at 497, and held that the changes exclusion applies only if there is "a nexus between changes made by [the vendor] and the injuries." Id. at 499. The court concluded that "the 'relabeling' exclusion [i.e., 1(b)(iv) ], to be effective, requires that the injury 'arise out of' the relabeling or use as 'part' of another product." Id. The California Court of Appeals adopted the rationale of Sears in SDR Co. v. Federal Ins. Co., 196 Cal.App.3d 1433 (Cal.Ct.App.1987).
 
 
 12
 The district court concluded that Safety Kleen's use of Chevron's solvents in Safety-Kleen 105 MS and Safety-Kleen 140 MS was a more significant change than that in Sears because the solvents "became part of another product which might cause damages or injuries unrelated to the presence of Chevron's solvents." We have carefully reviewed the record. United Pacific and Chevron have established only that Chevron's products were used by Safety Kleen as a part or ingredient of another substance. This undisputed fact alone does not entitle United Pacific and Chevron to summary judgment. United Pacific and Chevron also must establish the required nexus between the relevant injuries and the changes made by Safety Kleen.
 
 
 13
 United Pacific and Chevron argue that a nexus requirement in this context is absurd because Safety Kleen's mixing and recycling process makes it impossible to identify the supplier whose product caused the relevant injuries. We understand but reject this argument. The plaintiffs in the underlying state tort actions have alleged that they contracted leukemia through exposure to benzene. Summary judgment therefore may be appropriate if United Pacific and Chevron can establish that the benzene in Safety-Kleen 105 MS and Safety-Kleen 140 MS was introduced by the mixing and recycling process. If ingredients of Chevron's solvents may have caused the plaintiffs' injuries, then United Pacific and Chevron should not escape liability under the Vendor's Endorsement merely because the solvents were recycled or mixed with those of other manufacturers.
 
 
 14
 Because we reverse the grant of summary judgment in favor of United Pacific and Chevron, it is unnecessary to address Safety Kleen's argument that the district court erred in concluding that United Pacific and Chevron were entitled to reimbursement of defense costs paid to Safety Kleen subject to a reservation of rights.
 
 
 15
 REVERSED AND REMANDED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3